IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINDSAY BROYLES and KENESHA BYRD, § § § | |
| Plaintiffs, § § | |
| v. § | CIVIL ACTION NO. 3:25-cv-2143 |
| § | |
| BRADLEY FAMILY INSURANCE AGENCY, INC., § § § § | JURY TRIAL DEMANDED |
| Defendant. § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Lindsay Broyles ("Broyles") and Kenesha Byrd ("Byrd") (collectively "Plaintiffs") file this Complaint against Bradley Family Insurance, Inc. ("Defendant"), showing in support as follows:

### I.  NATURE OF THE CASE

1. This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to timely pay Plaintiffs all overtime wages owed.

2. Plaintiffs seek all damages available under the FLSA, including unpaid overtime wages, liquidated damages, reasonable legal fees, costs, and post-judgment interest.

### II.  THE PARTIES, JURISDICTION, AND VENUE

**A.  Plaintiff Lindsay Broyles**

3. Broyles is a natural person who resides in Rockwall County, Texas. She has standing to file this lawsuit.

4. Broyles was employed by Defendant in Dallas County, Texas.

**B.  Plaintiff Kenesha Byrd**

5. Byrd is a natural person who resides in Dallas County, Texas. She has standing to file this lawsuit.

6. Byrd was employed by Defendant in Dallas County, Texas.

**C.  Defendant Bradley Family Insurance, Inc.**

7. Defendant is a domestic for-profit corporation.

8. Defendant is registered with the Texas Secretary of State to transact business operations in Texas.

9. Defendant's principal place of business is 17430 Campbell Road, Suite 206, Dallas, Texas 75252.

10. During 2022, 2023, and 2024 Defendant was an "enterprise engaged in commerce" as defined by the FLSA.

11. During 2022, 2023, and 2024 Defendant employed two or more employees.

12. During 2022, 2023, and 2024 Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that had been moved in and/or produced for commerce by any person. Examples of such goods and/or materials include computers, printers, office equipment, and phones.

13. On information and belief, Defendant had annual gross sales or business volume in excess of $500,000 in 2022, 2023, and 2024.

14. Defendant may be served with summons through its registered agent, William B. Bradley, III, 1502 Whistle Brook Drive, Allen, Texas 75013.

**D.  Jurisdiction and Venue**

15. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

16. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

17. During all times relevant to this lawsuit, Defendant has transacted business in the State of Texas and continues to transact business in the State of Texas.

18. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely the FLSA.

19. Venue is proper in this Court because Defendant's principal place of business is in Dallas County, Texas.

### III. FACTUAL BACKGROUND

20. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

21. Defendant is an insurance agency.

22. Plaintiffs worked for Defendant at Defendant's place of business at 17430 Campbell Road, Suite 206, Dallas, Texas 75252 ("Defendant's office").

23. Plaintiffs were employed by Defendant as inside sales employees selling insurance to Defendant's prospective customers and/or customers from Defendant's office.

24. Broyles was employed by Defendant from approximately late October 2022 to approximately early August 2024.

25. Defendant paid Broyles salary plus incentive-based bonuses and commissions. Defendant paid Broyles an annual salary of approximately $35,000 from the beginning of her

employment until approximately January 2024. Thereafter, Defendant paid Broyles an annual salary of approximately $40,000 until the end of her employment.

26. Byrd was employed by Defendant from approximately early April 2023 to approximately late August 2023.

27. Defendant paid Byrd a salary. Byrd was also eligible for incentive-based bonus and commission pay. Defendant paid Byrd an annual salary of approximately $35,000.

28. Plaintiffs typically worked five days per workweek for Defendant at Defendant's office. Defendant's typical office hours were Monday to Friday, 8:30 a.m. to approximately 5:30 p.m. At times, office hours ended on Fridays at 5:00 p.m.

29. Defendant required Plaintiffs to arrive at Defendant's office and be on duty prior to 8:30 a.m. to perform work that was integral and indispensable to their jobs so that they could be ready to communicate with customers/potential customers and perform other work by 8:30 a.m. Such work included booting computers and starting computer programs needed in performing their primary job duties. It was common for Plaintiffs to be on duty performing such work approximately 20 minutes prior to the beginning of office hours.

30. Although office hours ended at approximately 5:30 p.m., Plaintiffs were expected by Defendant to continue working past that time to complete work, such as a call with a customer and/or completing a task they were working which was not finalized by the end of office hours.

31. Plaintiffs did not customarily receive a meal break from which they were relieved of all work duties. For example, it was common for Plaintiffs to communicate with customers by phone during supposed meal breaks and perform work from their desks during supposed meal breaks.

32. Defendant did not make or keep an accurate record of Plaintiffs' respective daily and/or weekly hours worked for Defendant. Defendant did not require Plaintiffs to make or keep a record of their respective daily and/or weekly hours worked for Defendant.

33. Plaintiffs routinely worked in excess of 40 hours per seven-day workweek as employees of Defendant. However, Defendant did not pay Plaintiffs time and one-half their respective regular rates of pay for any hours worked over 40 in any seven-day workweek.

## IV.    CONTROLLING LEGAL RULES

34. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

35. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Among other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, the amount and nature of each payment which, pursuant to 29 U.S.C. § 207(e), is excluded from the regular rate, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b).

Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

36. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

37. Under the FLSA's Continuous Workday Rule, "[p]eriods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked." 29 C.F.R. § 790.6.

38. An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that [s]he was working." *Mack v. Avara Community Health Services, Inc.*, No. 3:13-CV-1976-P, 2016 WL 4801306, at *2 (N.D. Tex. Feb. 5, 2016) (citing *Newton v. City of Henderson,* 47 F.3d 746, 748 (5th Cir. 1995)). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is working overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted). "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton*, 47 F.3d at 748.

39. "Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are [compensable] rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk

or a factory worker who is required to be at his machine is working while eating." 29 C.F.R. § 785.19.

40. "To be classified as a bona fide meal period, an employee 'must be completely relieved from duty for the purpose of eating meals' during that period." *Bernard v. IBP, Inc. of Nebraska,* 154 F.3d 259, 264–65 (5th Cir. 1998) (citing 29 C.F.R. § 785.19). The Fifth Circuit employs a "predominant benefit test" to determine if a meal break is a bona-fide meal break. *Id.* "The critical question under that test is whether the meal period is used predominantly or primarily for the benefit of the employer or for the benefit of the employee." *Id.* "The employer bears the burden to show that meal time qualifies for this exception from compensation." *Id.*

41. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

42. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007). "The employer bears the burden of demonstrating that certain payments should not be included in determining its employees' regular rate." *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009)). *See also*, *Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 330 (3d Cir. 2016) (The employer bears the burden of proof to establish that remuneration can be excluded from the regular rate of pay pursuant to one of the statutory exclusions set forth in 29 U.S.C. § 207(e)).

43. "Any employer who violates the provisions of [29 U.S.C. § 207] … shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation

… and in an additional equal amount as liquidated damages. … The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

44. Under the FLSA, "a cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *McIntyre v. Collin Bryan Constr. LLC*, 3:22-CV-1267-K, 2023 WL 3259754, at *5 (N.D. Tex. Apr. 19, 2023), *report and recommendation adopted*, 3:22-CV-1267-K, 2023 WL 3259493 (N.D. Tex. May 4, 2023) (citing *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261 (5th Cir. 1987), *opinion modified on reh'g*, 826 F.2d 2 (5th Cir. 1987) (brackets omitted)).

## V. FLSA CLAIMS

45. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

46. At all times relevant to Plaintiffs' claims in this lawsuit, Defendant has been an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

47. Defendant is and was an enterprise engaged in commerce under the FLSA in 2022, 2023, and 2024. 29 U.S.C. § 203(s)(1)(A).

48. Broyles was an employee of Defendant pursuant to the FLSA in 2022, 2023, and 2024. 29 U.S.C. § 203(e).

49. Byrd was an employee of Defendant pursuant to the FLSA in 2023. 29 U.S.C. § 203(e).

50. Plaintiffs were covered employees under 29 U.S.C. § 207(a)(1) relative to their employment with Defendant.

51. Plaintiffs engaged in commerce relative to their employment with Defendant. 29 U.S.C. § 207(a)(1).

52. Plaintiffs respectively regularly worked in excess of 40 hours per seven-day workweek as employees of Defendant.

53. Defendant was required to pay Plaintiffs time and one-half their regular rates of pay for all hours they respectively worked over 40 in each seven-day workweek during their employment with Defendant. 29 U.S.C. § 207(a)(1).

54. Defendant did not pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven-day workweek during their employment with Defendant.

55. The failure of Defendant to pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 per seven-day workweek is a violation of the FLSA. 29 U.S.C. § 207(a)(1).

56. Plaintiffs seek all damages available for Defendant's failure to pay all overtime wages owed.

## VI. JURY TRIAL DEMANDED

57. Plaintiffs demand a trial by jury.

## VII. DAMAGES AND PRAYER

58. Plaintiffs ask that the Court issue summons for Defendant to appear and answer and that Plaintiffs be awarded judgment(s) against Defendant and/or order(s) from the Court for the following:

   a. All damages allowed by the FLSA, including unpaid overtime wages,

   b. Liquidated damages in an amount equal to unpaid overtime wages,

  c. Reasonable legal fees,

  d. Costs,

  e. Post-judgment interest, and/or

  f. All other relief to which Plaintiffs are justly entitled.

Date: August 11, 2025.

                Respectfully submitted,

              By: /s/ Allen R. Vaught
                Allen R. Vaught
                Attorney-In-Charge
                TX Bar No. 24004966
                Vaught Firm, LLC
                1910 Pacific Ave., Suite 9150
                Dallas, Texas 75201
                (972) 707-7816 – Telephone
                (972) 920-3933 – Facsimile
                avaught@txlaborlaw.com

              ATTORNEY FOR PLAINTIFFS