IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LINDSAY BROYLES** and **KENESHA BYRD,** | § § § § § | |
| *Plaintiffs*, | § | |
| v. | § § | CIVIL ACTION NO. 3:25-cv-02143-X |
| **BRADLEY FAMILY INSURANCE AGENCY, INC.,** | § § § § | |
| *Defendant.* | § | |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Subject to and without waiving Defendant's Motion to Transfer Venue, Defendant Bradley Family Insurance Agency, Inc. ("***Defendant***") files this Original Answer and Affirmative Defenses to Plaintiffs Lindsay Broyles ("***Broyles***") and Kenesha Byrd's ("***Byrd***") Original Complaint (the "***Complaint***") (Dkt. 1). In support thereof, Defendant shows as follows:

### I. NATURE OF THE CASE

1. The allegations contained in Paragraph 1 do not require a response because they state only the nature of the action. To the extent a response is required, Defendant denies all allegations contained in Paragraph 1.

2. The allegations contained in Paragraph 2 do not require a response because they state only the nature of the action. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any of the relief sought in Paragraph 2.

### II. THE PARTIES, JURISDICTION, AND VENUE

**A. Plaintiff Lindsay Broyles**

3. Defendant admits that Broyles is a natural person. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint and therefore denies the same.

4. Defendant admits that Broyles was employed by Defendant but denies the allegation in Paragraph 4 that the employment was in Dallas County, Texas. Defendant Broyles was employed by Defendant in Collin County, Texas.

**B.     Plaintiff Kenesha Byrd**

5. Defendant admits that Byrd is a natural person. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and therefore denies the same.

6. Defendant admits that Byrd was employed by Defendant but denies the allegation in Paragraph 6 that the employment was in Dallas County, Texas. Defendant Byrd was employed by Defendant in Collin County, Texas.

**C.     Defendant Bradley Family Insurance, Inc.**

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits to employing two or more employees during 2022, 2023, and 2024, who engaged in commerce. Defendant denies each and every remaining allegation included in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13.

14. Defendant admits that it may be served with summons through its registered agent at 1502 Whistle Brook Drive, Allen, Texas 75013. Defendant denies the remaining allegation in Paragraph 14 that its registered agent is William B. Bradley, III. Defendant's registered agent is Willie B. Bradley, III.

**D.  Jurisdiction and Venue**

15. Defendant re-alleges and incorporates its responses to the preceding paragraphs by reference as if fully stated herein.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant admits the allegations in Paragraph 17.

18. Paragraph 18 of the Complaint is a legal statement requiring no response. Defendant admits, however, that this Court has jurisdiction over the subject matter of the Complaint.

19. Defendant denies the allegations in Paragraph 19.

### III.  FACTUAL BACKGROUND

20. Defendant re-alleges and incorporates its responses to the preceding paragraphs by reference as if fully stated herein.

21. Defendant admits the allegations in Paragraph 21.

22. Defendant admits the allegations in Paragraph 22.

23. Defendant admits the allegations in Paragraph 23.

24. Defendant admits the allegations in Paragraph 24.

25. Defendant admits the allegations in Paragraph 25.

26. Defendant admits that Byrd was employed by Defendant beginning in April 2023. Defendant denies the remaining allegations in Paragraph 26, as Byrd was only employed until August 9, 2023.

27. Defendant admits the allegations in Paragraph 27.

28. Defendant admits that Plaintiffs' workweek was Monday through Friday at Defendant's office. Defendant denies each and every remaining allegation included in Paragraph 28 of the Complaint. Defendant's workweek at all relevant times was Monday through Thursday from 8:30 a.m. to 5:30 p.m. and Friday from 8:30 a.m. to 5:00 p.m.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

### IV. CONTROLLING LEGAL RULES

34. Paragraph 34 of the Complaint is a legal statement requiring no response.

35. Paragraph 35 of the Complaint is a legal statement requiring no response.

36. Paragraph 36 of the Complaint is a legal statement requiring no response.

37. Paragraph 37 of the Complaint is a legal statement requiring no response.

38. Paragraph 38 of the Complaint is a legal statement requiring no response.

39. Paragraph 39 of the Complaint is a legal statement requiring no response.

40. Paragraph 40 of the Complaint is a legal statement requiring no response.

41. Paragraph 41 of the Complaint is a legal statement requiring no response.

42. Paragraph 42 of the Complaint is a legal statement requiring no response.

43. Paragraph 43 of the Complaint is a legal statement requiring no response.

44. Paragraph 44 of the Complaint is a legal statement requiring no response.

### V. FLSA CLAIMS

45. Defendant re-alleges and incorporates its responses to the preceding paragraphs by reference as if fully stated herein.

46. Defendant admits the allegations in Paragraph 46.

47. Defendant admits the allegations in Paragraph 47.

48. Defendant admits the allegations in Paragraph 48. However, Defendant denies any allegation that Broyles was an employee for all of 2022 and 2024.

49. Defendant admits the allegations in Paragraph 49. However, Defendant denies any allegation that Byrd was an employee for all of 2023.

50. Defendant admits the allegations in Paragraph 50.

51. Defendant admits the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies that Plaintiffs are entitled to any of the relief referenced in Paragraph 56 of the Complaint. Defendant further denies each and every allegation included in Paragraph 56 of the Complaint.

## VI. JURY TRIAL DEMANDED

57. Paragraph 57 of the Complaint requires no response.

## VII. DAMAGES AND PRAYER

58. Defendant denies that Plaintiffs are entitled to any of the relief referenced in Paragraph 58 of the Complaint. Defendant further denies each and every allegation included in Paragraph 58 of the Complaint.

To the extent not expressly admitted herein, Defendant denies each and every other allegation, express or implied, contained in the Complaint, including all of the requested relief therein.

## VIII. AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

59. Neither Plaintiff is entitled to any relief because both Plaintiffs were compensated in accordance with 29 U.S.C. §207(a)(1) (the "FLSA"), as well as every other applicable federal and/or state wage, hour, and compensation laws.

### SECOND AFFIRMATIVE DEFENSE

60. Plaintiffs' Complaint and all claims contained therein are fraudulent in nature and, therefore, neither Plaintiff may recover therefrom.

### THIRD AFFIRMATIVE DEFENSE

61. Defendant invokes the affirmative defense of statute of limitations pursuant to the fact that Byrd's FLSA claims, either in whole or in part, are barred by the applicable statute of limitations pursuant to 29 U.S.C. §255(a). Further, Byrd is not entitled to an extension of the statute of limitations, because Defendant did not act willfully.

### FOURTH AFFIRMATIVE DEFENSE

62. Plaintiffs' claims are barred to the extent they seek compensation for time that was not "work" within the meaning of the FLSA.

### FIFTH AFFIRMATIVE DEFENSE

63. Plaintiffs' claims are barred as to hours allegedly worked where Defendant did not have actual or constructive knowledge of such hours worked.

### SIXTH AFFIRMATIVE DEFENSE

64. Plaintiffs' claims are barred, in whole or in part, by the estoppel doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

65. If either Plaintiff recovers a judgment against Defendant, the judgment amount must be reduced to account for payments made by Defendant for hours during which the employee was not working and/or other wages to which the employee was not entitled under the FLSA. Moreover, Defendant is entitled to a set off if additional investigation uncovers wrongful conduct and money owed to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

66. Plaintiffs' claims are barred, in whole or in part, by the accord and satisfaction doctrine and/or payment.

Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses

## IX. PRAYER FOR RELIEF

WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested in their Complaint, including but not limited to that which Plaintiffs request in Paragraph 58 of Plaintiffs' Complaint, and respectfully request that the Court:

(1) Dismiss Plaintiffs' Complaint with prejudice and that Plaintiffs take nothing;

(2) Enter judgment in favor of Defendant on all claims and against Plaintiffs;

(3) The Defendant be awarded its attorney's fees and costs; and

(4) For such other and further relief as this Court may deem proper.

Dated: October 15, 2025                    Respectfully submitted,

**GALLIAN FIRM**

By:  */s/ Jaclyn Gallian*
Jaclyn Gallian
Texas Bar No. 24092845
3500 Maple Ave., Suite 1150
Dallas, Texas 75219
(214) 432-8860 (Telephone)
(972) 433-5835 (Facsimile)
jaclyn@gallianfirm.com

**ATTORNEY FOR DEFENDANT BRADLEY FAMILY INSURANCE AGENCY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2025, I electronically served the foregoing Original Answer to Plaintiffs' Original Complaint using the Court's CM/ECF filing system, thereby providing service on all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Jaclyn Gallian*
Jaclyn Gallian